IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **AMBER WILSON,** *individually and on* | § | Civil Action No. **3:24-cv-01418-L** |
| *behalf of all others similarly situated***,** | § | |
| | § | |
| Plaintiffs, | § | |
| | § | Consolidated with Civil Action Nos. |
| **v.** | § | 3:24-cv-01421; 3:24-cv-01423; |
| | § | 3:24-cv-01429; 3:24-cv-01435; |
| **FRONTIER COMMUNICATIONS** | § | 3:24-cv-01441; 3:24-cv-01444; |
| **PARENT INC.,** | § | 3:24-cv-01468; 3:24-cv-01492; |
| | § | 3:24-cv-01497; 3:24-cv-01501; |
| Defendant. | § | 3:24-cv-01507; 3:24-cv-01516; |
| | § | 3:24-cv-01517; 3:24-cv-01589; |
| | § | 3:24-cv-01592; 3:24-cv-1671; |
| | § | 3:24-cv-1788. |

## ORDER

On June 20, 2025, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 61) was entered, recommending that the court **grant** Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement ("Motion") (Doc. 60). While the parties did not file objections to the Report, on June 20, 2025, they filed their Joint Notice of Non-Opposition to the Report (Doc. 62), requesting that the court accept the Report, enter the proposed Preliminary Approval Order that they submitted, and set a date for the court to hold a final approval hearing on the parties' proposed class action settlement during the week of November 3, 2025, if the court's docket permits.

Magistrate Judge Brian McKay determined that the court should preliminarily certify the settlement class because the evidence presented by Plaintiffs is sufficient to meet their burden of establishing the requirements for class certification under Federal Rule of Civil Procedure 23(a) and 23(b). Report 6. He found that the court should preliminarily approve the proposed settlement because it meets the Rule 23(e) and precedential requirements and will likely be found

fair at the final approval stage. *Id.* at 11. Further, in considering the factors set forth in *Reed,*\*
Magistrate Judge McKay concluded that it is likely that the settlement would be found as fair at
the final approval stage. *Id* at 19. He also found that the settlement is adequate and reasonable.
*Id.* at 15-17. Moreover, the magistrate judge found that the court should approve the proposed
notice program because it "presents a fair opportunity for notice." *Id.* at 20. Finally, the
magistrate judge recommends that the court grant Plaintiffs' requests that the court: (1) appoint
them as class representatives; (2) appoint Jeff Ostrow, Gary M. Klinger, Tyler J. Bean, and Joe
Kendall as Class Counsel; (3) appoint Epiq Class Action & Claims Solutions, Inc., as the
settlement administrator; and (4) set a final fairness hearing for final approval of the proposed
settlement. *Id.* at 20-21.

       As a result, Magistrate Judge McKay recommends that the court (1) **grant** the Motion;
(2) **certify** for settlement purposes the settlement class, pursuant to Federal Rule of Civil
Procedure 23(a), (b)(2), and (e); (3) **approve** the notice program and the form of the notices; (4)
**approve** the claim form and claim process; (5) **approve** the notice program's opt-out and
objection procedures; (6) **appoint** Plaintiffs as class representatives; (7) **appoint** Jeff Ostrow,
Gary M. Klinger, Tyler J. Bean, and Joe Kendall as class counsel; (8) **appoint** Epiq Class Action
& Claims Solutions, Inc., as the settlement administrator; (9) continue to **stay** the action pending
final approval; (10) **enjoin** and **bar** all members of the settlement class from continuing in any
litigation or asserting any claims against Defendants and the other released parties arising out of,

---

\* In determining whether a settlement is fair, adequate and reasonable, the court considers: (1) whether the
settlement was a product of fraud or collusion; (2) the complexity, expense and likely duration of litigation; (3) the
stage of the proceedings and the actual amount of discovery completed; (4) the probability of Plaintiffs' success on
the merits (or, the factual and legal obstacles prevailing on the merits); (5) the possible range of recovery and the
certainty of damages; and (6) the respective opinions of the participants, including class counsel, class
representative, and the absent class members. *Reed v. General Motors Corp.,* 703 F.2d 170, 172 (5th Cir. 1983)

relating to, or in connection with the released claims prior to the court's decision whether to grant final approval of the settlement; and (11) **schedule** a final approval hearing.

After considering the pleadings, Motion, record, Report, and applicable law, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court **grants** the Motion. Further, by a separate order, the court will **certify,** for settlement purposes, the settlement class, pursuant to Federal Rule of Civil Procedure 23(a), (b)(2), and (e); **approve** the notice program and the form of the notices; **approve** the claim form and claim process; **approve** the notice program's opt-out and objection procedures; **appoint** Plaintiffs as class representatives;  **appoint** Jeff Ostrow, Gary M. Klinger, Tyler J. Bean, and Joe Kendall as class counsel; **appoint** Epiq Class Action & Claims Solutions, Inc., as the settlement administrator; continue to **stay** the action pending final approval; **enjoin** and **bar** all members of the settlement class from continuing in any litigation or asserting any claims against Defendants and the other released parties arising out of, relating to, or in connection with the released claims prior to the court's decision whether to grant final approval of the settlement; and **schedule** a final approval hearing.

It is so ordered this 20th day of August, 2025.

Sam A. Lindsay
United States District Judge