IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **AMBER WILSON,** *individually and on behalf of all others similarly situated*, | § § § | Civil Action No. **3:24-cv-01418-L** |
| Plaintiffs, | § § | |
| | § | Consolidated with Civil Action Nos. |
| v. | § | 3:24-cv-01421; 3:24-cv-01423; |
| | § | 3:24-cv-01429; 3:24-cv-01435; |
| **FRONTIER COMMUNICATIONS** | § | 3:24-cv-01441; 3:24-cv-01444; |
| **PARENT INC.,** | § | 3:24-cv-01468; 3:24-cv-01492; |
| | § | 3:24-cv-01497; 3:24-cv-01501; |
| Defendant. | § | 3:24-cv-01507; 3:24-cv-01516; |
| | § | 3:24-cv-01517; 3:24-cv-01589; |
| | § | 3:24-cv-01592; 3:24-cv-1671; |
| | § | 3:24-cv-1788. |

**<u>PRELIMINARY ORDER OF APPROVAL OF CLAIM ACTION SETTLEMENT</u>**

Whereas, this Action[1] is a putative class action before this court;

Whereas, Plaintiffs, individually, and on behalf of the proposed Settlement Class, and Defendant, Frontier Communications Parent, Inc., have entered into the Settlement Agreement, (*See* Doc. 60-1) ("Agreement"), which is subject to review and approval by the court under Federal Rule of Civil Procedure 23, and which, together with its exhibits, provides for a complete dismissal on the merits and with prejudice of the claims asserted in the Action against Defendant should the court grant Final Approval of the Settlement;

Whereas, Plaintiffs filed a Motion for Preliminary Approval requesting entry of an order to: (1) conditionally certify the Settlement Class; (2) appoint the Plaintiffs who signed the Settlement Agreement as Class Representatives; (3) appoint Jeff Ostrow, Gary M. Klinger, Tyler J. Bean, and Joe Kendall as Class Counsel; (4) preliminarily approve the Settlement; (5) approve the Notice Program, and Notices and direct that Notice be sent to the Settlement Class members;

---

[1] The capitalized terms herein have the same meanings as those defined in the Agreement, attached to the Motion for Preliminary Approval as Exhibit A.

**Preliminary Order of Approval of Claim Action Settlement – Page 1**

(6) approve the Claim Form and Claims Process; (7) order the Settlement's opt-out and objection procedures; (8) appoint Epiq Class Action & Claims Solutions, Inc., as the Settlement Administrator; (9) stay all deadlines in the Action pending Final Approval of the Settlement; (10) enjoin and bar all members of the Settlement Class from initiating or continuing in any litigation or asserting any claims against Defendant and the Released Parties arising out of, relating to, or in connection with the Released Claims prior to the court's decision to grant Final Approval of the Settlement; and (11) set a date for the Final Approval Hearing; and

Whereas, the court has **accepted** the Findings, Conclusions and Recommendation of the United States Magistrate Judge and **granted** the Motion. *See* Doc. 63.

**It is hereby ordered**:

1. **Settlement Class Certification:** Pursuant to Federal Rules of Civil Procedure Rules 23(a), 23(b)(2) and 23(b)(3), and for purposes of settlement only, the Action is hereby preliminarily certified as a class action on behalf of the following Settlement Class:

> All living individuals residing in the United States who received notice of the Data Incident indicating their Private Information may have been impacted in the Data Incident. Excluded from the Settlement Class are (a) all persons who are directors and officers of Defendant, or its respective subsidiaries and affiliated companies; (b) governmental entities; and (c) the Judge(s) assigned to the Action, the Judge's immediate family, and court staff.

2. **Settlement Fund:** The Settlement provides for a non-reversionary $5,640,000 common cash Settlement Fund, (Agreement at 11), for the benefit of the Settlement Class that Defendant shall pay or cause to be paid in the manner described in the Agreement. The Settlement Fund will be used to pay all Settlement Class Member Benefits, (*id.* at 11); Settlement Administration Costs, (*id.* at 10); any court-approved attorney's fees and costs to Class Counsel; and any court-approved Service Awards, (*id.*), to Plaintiffs for serving as Class Representatives. The Settlement Fund will be created and funded subject to the terms of the

Settlement.

3. Pursuant to Fed. R. Civ. P. 23(e), the terms of the Agreement are preliminarily approved and likely to be approved at the Final Approval Hearing because:

(A) the class representatives and class counsel have adequately represented the Settlement Class;

(B) the proposal was negotiated at arm's length;

(C) the relief provided for the class is adequate, taking into account:

(i) the costs, risks, and delay of trial and appeal;

(ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

(iii) the terms of any proposed award of attorney's fees, including timing of payment; and

(iv) any agreement required to be identified under Rule 23(e)(3); and

(D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

4. **<u>Settlement Class Findings:</u>** The court finds, for purposes of settlement only, and without any adjudication on the merits, that the prerequisites for certifying the Action as a class action under Federal Rules of Civil Procedure 23(a), 23(b)(2) and 23(b)(3) have been satisfied, and that the court will likely certify at the Final Approval stage a Settlement Class.

5. As to Rule 23(a), the court finds that: (a) the number of Settlement Class members is so numerous that joinder is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the proposed Class Representatives are typical of the claims of the Settlement Class; and (d) the proposed Class Representatives and Class Counsel have and will fairly and adequately represent the interests of the Settlement Class.

6. As to Rule 23(b)(3), the court finds that questions of law and fact common to the Settlement Class predominate over any questions affecting individual members. Also, a class

**Preliminary Order of Approval of Claim Action Settlement – Page 3**

action is superior to other available methods for fairly and efficiently adjudicating the Action taking into consideration: (i) the lack of evidence of any intent among the Settlement Class members to individually control the prosecution of separate actions; (ii) the Parties are not aware of any litigation concerning the controversy already begun by Settlement Class members other than the proposed Class Representatives; (iii) the small value of the claims of many of the individual Settlement Class members making the pursuit of individual actions cost prohibitive for most Settlement Class members; and (iv) the similarity of the Settlement Class members' claims involving substantially identical proofs. *See* Fed. R. Civ. P. 23(b)(3).

7.  **Appointment of Class Representatives and Class Counsel:** The court hereby finds and concludes pursuant to Fed. R. Civ. P. 23(a)(4), and for purposes of settlement only, that Plaintiffs are adequate class representatives and appoints them as Class Representatives for the Settlement Class.

8.  In appointing class counsel, Federal Rule of Civil Procedure 23(g) requires the court to consider (1) the work counsel have done in identifying or investigating potential claims in the action, (2) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action, (3) counsel's knowledge of applicable law, and (4) the resources counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A). The court may also consider any other matter pertinent to counsel's ability to represent the class. Fed. R. Civ. P. 23(g)(1)(B). The court finds that proposed Class Counsel and their law firms have expended a reasonable amount of time, effort, and expense investigating the Data Incident, (*id.* at 6). It is clear from their track records of success, as outlined in their resumes, that Class Counsel are highly skilled and knowledgeable concerning class action practice. For purposes of the Settlement only, and pursuant to Federal Rule of Civil Procedure 23(g)(1), the court appoints the

following as Class Counsel to act on behalf of the Settlement Class and the Class Representatives with respect to the Settlement: Jeff Ostrow of Kopelowitz Ostrow P.A, Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman PLLC, Tyler J. Bean of Siri & Glimstad LLP, and Joe Kendall of Kendall Law Group, PLLC.

9. **Preliminary Approval of the Settlement:** The court hereby preliminarily approves the Agreement as being fair, reasonable, and adequate, and in the best interest of the named Plaintiffs and the Settlement Class, subject to further consideration at the Final Approval Hearing to be conducted as described below. The court finds the Agreement meets the considerations set forth in Rule 23(e)(2).

10. **Settlement Administrator:** There court hereby approves Epiq Class Action & Claims Solutions, Inc. as the Settlement Administrator to supervise and administer the Notice Program, as well as to administer the Agreement should the court grant Final Approval.

11. **Approval of Notice Program and Notices:** The court approves, as to form, content, and procedure, the Notice Program described in the Agreement, including the Postcard Notice, (Agreement at 9), and Long Form Notice, (*id.* at 8), substantially in the forms attached as Exhibits to the Agreement. The court finds that the Notice Program: (a) is the best notice practicable under the circumstances; (b) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class members of the pendency of the Action, the terms of the Agreement, the effect of the proposed Agreement (including the Releases, (*id.* at 9), contained therein), and their right to opt-out of or to object to the proposed Agreement and appear at the Final Approval Hearing; (c) constitutes due, adequate, and sufficient notice to all persons entitled to receive notice of the proposed Agreement; and (d) satisfies the requirements of Federal Rule of Civil Procedure 23, due process, the rules of this court, and all other

applicable law and rules. The date and time of the Final Approval Hearing shall be posted on the Settlement Website, (*id.* at 11), and included in the Postcard Notice and Long Form Notice, respectively.

12.     **Claim Form and Claims Process:** The court approves the Claim Form as set forth in the Agreement, and the Claims process to be implemented by the Settlement Administrator. The Claim Form is straightforward and easy to complete, allowing each Settlement Class Member to elect the alternative Settlement Class Member Benefits. Should the court grant Final Approval of the Agreement, Settlement Class Members who do not opt-out of the Agreement shall be bound by its terms even if they do not submit Claims, (*id.* at 9).

13.     **Dissemination of Notice and Claim Forms:** The court directs the Settlement Administrator to disseminate the Notices and Claim Form as herein approved. Class Counsel and Defendant's counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Agreement that are not materially inconsistent with this order or the Agreement, including making, without the court's further approval, minor form or content changes to the Notices and Claim Form they jointly agree are reasonable or necessary.

14.     **Opt-Outs from the Settlement Class:** The Notice shall provide that any member of the Settlement Class who wishes to opt-out from the Settlement Class must request exclusion in writing within the time and manner set forth in the Notice. The Notices shall provide that opt-out requests must be sent to the Settlement Administrator and be postmarked no later than 30 days before the original date set for the Final Approval Hearing (the last day of the Opt-Out Period, (*id.* at 8)). The opt-out request must bear the original "wet" handwritten personal signature of the Settlement Class member and contain the full name, mailing address, email address, claim identification number, account number (if applicable), telephone number, and the

statement "I request to be excluded from the proposed class settlement in *Wilson v. Frontier Communications Parent Inc.*, 3:24-cv-01418-L-BW (N.D. Tex. 2024)." If submitted by mail, an opt-out request shall be deemed to have been submitted when posted if received with a postmark date indicated on the envelope if mailed first-class postage prepaid and addressed in accordance with the instructions. If submitted by private courier (e.g., Federal Express), an opt-out request shall be deemed to have been submitted on the shipping date reflected on the shipping label. Settlement Class members may only opt-out on behalf of themselves; group, mass or class opt-outs will not be valid. Agents and/or representatives may not opt-out on behalf of Settlement Class members.

15. Any Settlement Class member who timely and validly opts-out from the Settlement Class shall, provided the court grants Final Approval: (a) be excluded from the Settlement Class by Order of the court; (b) not be a Settlement Class Member; (c) not be bound by the terms of the Settlement; and (d) have no right to the Settlement Class Member Benefits. Any Settlement Class member who does not timely and validly request to opt-out shall be bound by the terms of the Agreement.

16. **<u>Objections to the Settlement:</u>** The Notice shall also provide that any Settlement Class Member who does not opt-out from the Settlement Class may object to the Agreement and/or the Application for Attorney's Fees, Costs, (Agreement at 5), and Service Awards. Objections must be filed with the court and mailed to the Settlement Administrator, Class Counsel and Defendant's Counsel. For an objection to be considered by the court, the objection must be submitted on behalf of a Settlement Class Member no later than 30 days before the original date set for the Final Approval Hearing (the last day of the Objection Period). When submitted by mail, an objection shall be deemed to have been submitted when posted if received

with a postmark date indicated on the envelope if mailed first-class postage prepaid and addressed in accordance with the instructions. If submitted by private courier (e.g., Federal Express), an objection shall be deemed to have been submitted on the shipping date reflected on the shipping label.

    17.    For an objection to be considered by the court, the objection must also set forth:

    a.  the objector's full name, mailing address, telephone number, email address, account number (if applicable), and claim identification number;

    b.  all grounds for the objection, accompanied by any legal support for the objection known to the objector or objector's counsel;

    c.  the number of times the objector has objected to a class action settlement within the 5 years preceding the date that the objector files the objection, the caption of each case in which the objector has made such objection, and a copy of any orders related to or ruling upon the objector's prior objections that were issued by the trial and appellate courts in each listed case;

    d.  the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement and/or the Application for Attorney's Fees, Costs, and Service Awards, and whether they will appear at the Final Approval Hearing;

    e.  the number of times in which the objector's counsel and/or the objector's counsel's law firm have objected to a class action settlement within the 5 years preceding the date of the filed objection, the caption of each case in which counsel or the firm has made such objection and a copy of any orders related to or ruling on the objection issued by the trial and appellate courts in each such listed case;

    f. a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection (if any);

    g. a statement confirming whether the objector intends to personally appear and/or testify at the Final Approval Hearing; and

    h. the objector's "wet" handwritten personal signature (an attorney's signature is not sufficient).

  18. Class Counsel and/or Defendant's counsel may conduct limited discovery on any objector consistent with the Federal Rules of Civil Procedure and thereafter respond in writing to the objections prior to the Final Approval Hearing.

  19. Any Settlement Class Member who does not make an objection in the manner provided herein shall be deemed to have waived the right to object to any aspect of the Settlement and/or to the Application for Attorney's Fees, Costs, and Service Awards and, if Final Judgment is entered, shall forever be barred and foreclosed from raising such objections in this or any other proceeding and from challenging or opposing, or seeking to reverse, vacate, or modify, the Final Judgment or any aspect thereof.

  20. All Settlement Class Members shall be bound by all determinations and judgments in this Action concerning the Settlement, including, but not limited to, the release provided for in the Agreement, whether favorable or unfavorable, except those who timely and validly request exclusion from the Class. The Settlement Class members who timely and validly request exclusion from the Settlement Class will be excluded from the Settlement Class, shall not have rights under the Agreement, and shall not be bound by the Agreement or any Final Approval order as to Defendant in this Action.

**Preliminary Order of Approval of Claim Action Settlement – Page 9**

21. **Motion for Final Approval and Application for Attorney's Fees, Costs, and Service Awards:** Class Counsel intends to seek an award of up to one-third of the Settlement Fund as attorney's fees, as well as reimbursement of reasonable litigation costs, and Service Awards for the Class Representatives of $2,500 each to be paid from the Settlement Fund. These amounts appear reasonable, but the court will defer ruling on those awards until the Final Approval Hearing when considering Class Counsel's Application for Attorney's Fees, Costs, and Service Awards.

22. Class Counsel shall file their Motion for Final Approval and Application for Attorney's Fees, Costs, and Service Awards no later than 45 days before the original date set for the Final Approval Hearing. At the Final Approval Hearing, the court will hear argument in connection with Class Counsel's request for attorney's fees and costs and Service Awards for the Class Representatives. In the court's discretion, the court also will hear argument at the Final Approval Hearing from any Settlement Class Members (or their counsel) who object to the Agreement or to the Application for Attorney's Fees, Costs, and Service Awards, provided the objector(s) submitted timely objections that meet all of the requirements listed in the Agreement and in this order.

23. **Termination:** If the Agreement is terminated, not approved, canceled, fails to become effective for any reason, or the Effective Date, (Agreement at 7), does not occur, this order shall become null and void and shall be without prejudice to the rights of Plaintiffs, the Settlement Class members, and Defendant, all of whom shall be restored to their respective positions in the Action as provided in the Agreement.

24. **Stay:** All pretrial proceedings in this Action are stayed and suspended until further order of this court, except such actions as may be necessary to implement the Agreement and this Preliminary Approval Order.

25. **Continuing Litigation:** Upon the entry of this order, with the exception of Class Counsel's, Defendant's Counsel's, Defendant's, and the Class Representatives' implementation of the Agreement and the approval process in this Action, all members of the Settlement Class shall be provisionally enjoined and barred from asserting any claims or continuing any litigation, including in arbitration, against Defendant and the Released Parties, (*id.* at 10), arising out of, relating to, or in connection with the Released Claims prior to the court's decision as to whether to grant Final Approval of the Agreement.

26. **Jurisdiction:** For the benefit of the Settlement Class and to protect this court's jurisdiction, this court retains continuing jurisdiction over these proceedings to ensure the effectuation thereof in accordance with the Agreement preliminarily approved herein and the related orders of this court.

27. **Final Approval Hearing:** The court will hold a Final Approval Hearing on **November 11, 2025, at 10:00 a.m.** The Final Approval Hearing will be conducted for the following purposes: (a) to determine whether the proposed Settlement, on the terms and conditions provided for in the Agreement, is fair, reasonable, and adequate, and should be approved by the court; (b) to determine whether an order of Final Judgment should be entered dismissing the Action on the merits and with prejudice; (c) to determine whether the proposed plan of allocation and distribution of the Settlement Fund is fair and reasonable and should be approved; (d) to determine whether any requested award of attorney's fees and costs to Class Counsel and Service Awards to the Class Representatives should be approved; and (e) to

consider any other matters that may properly be brought before the court in connection with the Settlement. The court may elect to hold the Final Approval Hearing virtually by Zoom or some other application, and if it does, the instructions on how to attend shall be posted on the Settlement Website.

28. **Schedule:** The court hereby sets the following schedule of events:

| | |
|---|---|
| **Notice Program Begins (Postcard Notice Sent)** | 30 days after Preliminary Approval Order |
| **Deadline to file Motion for Final Approval and Application for Attorney's Fees, Costs, and Service Awards** | 45 days before initial scheduled Final Approval Hearing date |
| **Opt-Out Period** | 30 days before initial scheduled Final Approval Hearing date |
| **Objection Deadline** | 30 days before initial scheduled Final Approval Hearing date |
| **Deadline to Respond to Objections** | 15 days before initial scheduled Final Approval Hearing date |
| **Deadline to Submit Claim Forms** | 15 days before initial scheduled Final Approval Hearing date |
| **Final Approval Hearing** | 11th day of November, 2025, at 10:00 a.m. |

**It is so ordered** this 20th day of August, 2025.

_Sam A. Lindsay_
Sam A. Lindsay
United States District Judge

Preliminary Order of Approval of Claim Action Settlement – Page 12