**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| AMBER WILSON, et al., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FRONTIER COMMUNICATIONS PARENT, INC.,<br><br>Defendant. | Civil Action No. 3:24-CV-1418-L<br><br>Consolidated with Civil Action Nos. 3:24-cv-01421; 3:24-cv-01423; 3:24-cv-01429; 3:24-cv-01435; 3:24-cv-01441; 3:24-cv-01444; 3:24-cv-01468; 3:24-cv-01492; 3:24-cv-01497; 3:24-cv-01501; 3:24-cv-01507; 3:24-cv-01516; 3:24-cv-01517; 3:24-cv-01589; 3:24-cv-01592; 3:24-cv-01671; and 3:24-cv-01788. |

**FINAL APPROVAL ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND APPLICATION FOR ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS**

Before the Court is Plaintiffs' Motion for Final Approval and Application for Attorneys' Fees Costs and Service Awards [Dkt. No. 66]. In connection with the Motion for Final Approval, the Court has considered the motion and supporting declarations and the Settlement Agreement dated April 11, 2025, along with the exhibits attached thereto. In addition, the Court has considered the arguments of counsel, the pleadings, and record in this case. The Court determines good cause exists to grant the Motion for Final Approval, and it is hereby granted.

## I. Background

This Action arises from a Data Incident involving unauthorized access to Defendant's information technology systems, which potentially affected the Private Information of 739,276 consumers who had applied to Defendant for residential internet and cable services. Starting in June 2024, Defendant was sued in 18 Related Actions asserting claims arising out of the Data Incident.

Of those Related Actions, 15 were consolidated into this Action by order of the Court on July 25, 2024; two were consolidated into this Action by order of the Court on August 6, 2024; and the last was consolidated into this Action by order of the Court on September 6, 2024. The Court also appointed Jeff Ostrow, Gary M. Klinger, and Tyler Bean as Interim Co-Lead Counsel, as well as Joe Kendall as Interim Local Counsel.

On September 9, 2024, Plaintiffs filed their Complaint against Defendant, alleging causes of action for negligence/negligence *per se*, breach of contract, invasion of privacy/intrusion upon seclusion, violations of the United States Cable Act and various states' consumer protection laws, and declaratory judgment.

Thereafter, the Parties began discussing resolution of the Action. Plaintiffs requested, and Defendant produced informal discovery, on topics including but not limited to the number of individuals and the categories of Private Information impacted by the Data Incident, as well as the nature of the impact of the Data Incident on affected individuals. Plaintiffs also consulted with liability and damage experts. The Parties' good-faith negotiations were successful and resulted in their agreement in principle as to all material terms of the Settlement.

The Parties jointly notified the Court of the Settlement on February 21, 2025. On April 11, 2025, Plaintiffs filed their unopposed Motion for Preliminary Approval of the Settlement. [Dkt. No. 60]. On August 20, 2025, the Court entered its Preliminary Approval Order, which, *inter a lia*, (1) preliminarily approved the Settlement; (2) determined that, for purposes of the Settlement only, the Action should proceed as a class action, and certified the Settlement Class; (3) appointed Plaintiffs as Class Representatives; (4) appointed Jeff Ostrow of Kopelowitz Ostrow P.A, Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman PLLC, Tyler J. Bean of Siri & Glimstad LLP, and Joe Kendall of Kendall Law Group, PLLC as Class Counsel; (5) appointed Epiq Class

Action & Claims Solutions, Inc. as the Settlement Administrator; (6) approved the form and manner of Notice and the Notice Program; (7) approved the Claim Process and Claim Form; and (8) set the Final Approval Hearing date. [Dkt. Nos. 63, 64].[1]

Thereafter, in accordance with the Court's Preliminary Approval Order, Notice was provided to the Settlement Class by Postcard Notice and the Long Form Notice, as well as the Settlement Website and the Settlement Class member toll-free telephone line.

On November 18, 2025, the Court held a Final Approval Hearing to (1) determine whether to finally certify the Settlement Class pursuant to Federal Rule of Civil Procedure 23(b)(1); (2) determine whether the terms of the Settlement Agreement and the proposed Settlement provided for therein are fair, reasonable, adequate, and in the best interests of the Settlement Class and should be approved; (3) affirm the appointment of Class Counsel, Class Representatives, and the Settlement Administrator; (4) consider the Application for Attorneys' Fees, Costs, and Service Awards; and (5) to hear and consider other matters as appropriate with regard to the Settlement.

## II. Opinion and Order

Based on the foregoing, having considered the papers filed and proceedings held in connection with the Settlement, having considered all of the other files, records, and proceedings in the Action, and being otherwise fully advised,

**IT IS HEREBY ORDERED AND ADJUDGED** as follows:

1. This Final Approval Order incorporates the definitions in the Settlement Agreement and all capitalized terms used in this order have the same meanings as those set forth in Section II of the Agreement.

[1] The Court adopted the Findings, Conclusions, and Recommendations of the United States Magistrate Judge. [Dkt. No. 61, 63].

2. The Court has jurisdiction over the Action and to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 1332(d) and 1367. The Court **retains** jurisdiction over this Consolidated Action to the extent set forth in the "Conclusion" of this document.

**Class Certification and Final Approval of the Settlement**

3. Defendant has fully complied with the provisions of the Class Action Fairness Act, 28 U.S.C. § 1715(b).

4. The terms of the Agreement are fair, adequate, and reasonable. In so finding, the Court has considered the Rule 23(e)(2) factors and the Fifth Circuit's traditional factors from *Reed v. General Motors Corp*., 703 F.2d 170, 172 (5th Cir. 1983), keeping in mind the strong presumption in favor of finding the Settlement fair. *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir.1977) ("Particularly in class action suits, there is an overriding public interest in favor of settlement.").

5. The Notice provided to the Settlement Class in accordance with the Preliminary Approval Order was the best notice practicable under the circumstances and constituted due and sufficient notice of the proceedings and matters set forth therein to all those entitled to notice. The Notice and Notice Program fully satisfied the requirements of due process, Federal Rule of Civil Procedure 23 and all other applicable law and rules. The Claim Process is also fair, and the Claim Form is easily understandable.

6. A list of the individuals who have opted-out of the Settlement is attached hereto as ***Exhibit A***. Those individuals will not be bound by the Agreement or the Releases contained therein.

7. Based on the information presented to the Court, the Claim Process has proceeded consistent with the Agreement and the Preliminary Approval Order. All Settlement Class Members who submitted Valid Claims shall receive their Settlement Class Member Benefits pursuant to the

Settlement's terms. All Settlement Class Members who did not submit a Claim, or for whom the Claim is determined to be invalid, shall still be bound by the terms of the Settlement and Releases therein.

8. The distribution plan for Settlement Class Member Benefits proposed by the Parties in the Agreement is fair, reasonable, and adequate.

9. The Class Representatives and Class Counsel have fairly and adequately represented and will continue to adequately represent and protect the interests of Settlement Class Members in connection with the Settlement.

10. Because the Court grants Final Approval of the Settlement set forth in the Agreement as fair, reasonable, and adequate, the Court authorizes and directs implementation of all terms and provisions of the Settlement.

11. All Parties to this Action, including all Settlement Class Members, are bound by the Settlement as set forth in the Agreement and this Order.

12. The appointment of Plaintiffs as Class Representatives is affirmed.

13. The appointment of Jeff Ostrow of Kopelowitz Ostrow P.A, Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman PLLC, Tyler J. Bean of Siri & Glimstad LLP, and Joe Kendall of Kendall Law Group, PLLC as Class Counsel is affirmed.

14. The Court reaffirms the appointment of Epiq Class Action & Claims Solutions, Inc. as the Settlement Administrator.

15. The Court affirms its findings that the Settlement Class meets the relevant requirements of Rule 23(a) and (b)(3) for only the purposes of the Settlement in that (1) the number of members of the Settlement Class is so numerous that joinder is impracticable; (2) there are questions of law and fact common to the members of the Settlement Class; (3) the claims of the Plaintiffs are typical of the claims of the members of the Settlement Class; (4) the Plaintiffs are

adequate representatives for the Settlement Class, and have retained experienced and adequate Class Counsel; (5) the questions of law and fact common to the members of the Settlement Class predominate over any questions affecting any individual members of the Settlement Class; and (6) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy. In finding the Settlement fair, reasonable, and adequate, the Court has also considered that there were no objections to the Settlement, and only 11 opt-outs, indicating an overwhelmingly positive reaction from the Settlement Class, and the opinion of competent counsel concerning such matters.

16. Therefore, the Court finally certifies the following Settlement Class:

> All living individuals residing in the United States who were sent notice of the Data Incident indicating their Private Information may have been impacted in the Data Incident.

Excluded from the Settlement Class are (a) all persons who are governing board members of Defendant; (b) governmental entities; (c) the Court, the Court's immediate family, and Court staff; and (d) any individual who timely and validly opts-out of the Settlement.

17. Judgment shall be entered dismissing the Action with prejudice, on the merits.

18. As of the Effective Date, and in exchange for the relief described in the Agreement, the Releasing Parties shall automatically be deemed to have fully, finally, and forever released, acquitted, relinquished, and completely discharged the Released Parties from any and all Released Claims, including but not limited to any federal or state statutory or common law claims arising out of or relating to the Allegations or the Data Incident.

19. With respect to the Released Claims, Plaintiffs and Settlement Class Members, expressly understand and acknowledge it is possible that losses or claims exist or that present losses may have been underestimated in amount or severity. Plaintiffs and Settlement Class

Members explicitly took that into account in entering into the Agreement, and a portion of the consideration and the mutual covenants contained therein, having been bargained for between Plaintiffs and Defendant with the knowledge of the possibility of such unknown claims for economic loss, were given in exchange for a full accord, satisfaction, and discharge of all such claims. Consequently, Plaintiffs and the Settlement Class Members shall be deemed to have, and by operation of the Settlement shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code (to the extent it is applicable, or any other similar provision under federal, state or local law to the extent any such provision is applicable), which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

20. The Releasing Parties also waive the provisions and rights of any law(s) that are comparable in effect to California Civil Code section 1542 (including, without limitation, California Civil Code § 1798.80, et seq., Montana Code Ann. § 28- 1-1602; North Dakota Cent. Code § 9-13-02; and South Dakota Codified Laws § 20-7-11). The Releasing Parties agree that, once this Agreement is executed, they will not, directly or indirectly, individually or in concert with another, maintain, cause to be maintained, or voluntarily assist in maintaining any further demand, action, claim, lawsuit, arbitration, or similar proceeding, in any capacity whatsoever, against any of the Released Parties based on any of the Released Claims. Plaintiff and all Settlement Class Members and Releasing Parties, and persons purporting to act on their behalf, are permanently enjoined from commencing or prosecuting (either directly, representatively, or in

any other capacity) any of the Released Claims against any of the Released Parties in any action or proceeding in any court, arbitration forum, or tribunal.

21. In the event the Effective Date of the Settlement does not occur, the Settlement shall be rendered null and void to the extent provided by and in accordance with the Agreement, and this Order and any other order entered by this Court in accordance with the terms of the Agreement shall be vacated, *nunc pro tunc*. In such event, all orders entered and releases delivered in connection with the Settlement shall be null and void and have no further force and effect, shall not be used or referred to for any purpose whatsoever, and shall not be admissible or discoverable in any proceeding. The Action shall return to its status immediately prior to execution of the Agreement.

22. With the exception of those listed on *Exhibit A*, all Settlement Class Members shall be bound by this Order.

23. The Settlement's terms shall be forever binding on, and shall have res judicata and preclusive effect in, all pending and future lawsuits or other proceedings as to Released Claims (and other prohibitions set forth in this Final Approval Order) that are brought, initiated, or maintained by, or on behalf of, any Settlement Class Member who has not opted-out or any other person subject to the provisions of this Final Approval Order.

24. This Final Approval Order, the Settlement, and all acts, statements, documents, and proceedings relating to the Settlement are not, and shall not be construed as, used as, or deemed to be evidence of, an admission by or against Defendant of any claim, any fact alleged in the Action, any fault, any wrongdoing, any violation of law, or any liability of any kind on the part of Defendant or of the validity or certifiability as a class for litigation of any claims that have been, or could have been, asserted in the Action.

25. The Court hereby retains and reserves jurisdiction over (1) implementation of this Settlement and any distributions to the Settlement Class Members; (2) the Action, until the Effective Date, and until each and every act agreed to be performed by the Parties shall have been performed pursuant to the terms of the Agreement, including the exhibits appended thereto; and (3) all Parties, for the purpose of enforcing and administering the Settlement, as set forth in the "Conclusion".

**Application for Attorneys' Fees, Costs, and Service Awards**

26. Class Counsel is awarded $1,410,000.00 for attorneys' fees[2] and $28,939.37 for costs. These payments shall be made out of the Settlement Fund in accordance with the Agreement. The Court evaluated Class Counsel's attorneys' fees request using the percentage of the fund method blended with the following 12 factors from *Johnson v. Ga. Highway Exp., Inc*., 488 F.2d 714, 718 (5th Cir. 1974), and concludes that the attorneys' fee amount is fair and within the range of reason:

> (1) The time and labor required; (2) The novelty and difficulty of the questions; (3) The skill requisite to perform the legal service properly; (4) The preclusion of other employment by the attorney due to acceptance of the case; (5) The customary fee [for similar work in the community]; (6) Whether the fee is fixed or contingent; (7) Time limitations imposed by the client or the circumstances; (8) The amount involved and the results obtained; (9) The experience, reputation, and ability of the attorneys; (10) The "undesirability" of the case; (11) The nature and length of the professional relationship with the client; and (12) Awards in similar cases.

*Johnson*, 488 F.2d at 717–19. The Court need not consider each factor in making its determination. *See La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 331 (5th Cir. 1995). Each of the *Johnson* factors will vary, depending on the case, and rather than imposing a rigid application, the Fifth

[2] Originally, Class Counsel requested the amount of $1,880,000.00. The Court had concern regarding the amount of attorneys' fees and, post-hearing, instructed class counsel to address its concerns, as the court believed the original amount of attorneys' fees was too high. Class Counsel briefed the issue in an effort to justify the amount of attorneys' fees in question. After considering the arguments made by class counsel and *all* relevant authority, the court issued an order awarding class counsel $1,410,000.00 in attorneys' fees, which was an 8% reduction of the original amount requested (33% of the settlement fund, $1,880,000.00). In its order awarding attorneys' fees (Doc. 75), the Court directed the parties to submit an order with the revised amount of attorneys' fees, and it would enter an order of final approval accepting the class action settlement and Application for Attorneys' Fees, Costs and Service Awards. Class Counsel complied with the Court's order, and this document is final approval of the class action settlement.

Circuit entrusts lower courts to apply those factors in view of the case's particular circumstances. *Brantley v. Surles*, 804 F.2d 321, 325-26 (5th Cir. 1986). On the whole, the Court finds the *Johnson* factors are satisfied and the amount of attorneys' fees and costs awarded is fair and reasonable.

27. The Class Representatives shall be awarded Service Awards in the amount of $2,500.00 each. Courts in this circuit commonly recognized and approved incentive awards for class representatives for their assistance during the litigation. *See, e.g.*, *Seidner v. Kimberly Clark Corp., et al.*, No. 3:21-cv-00867-L (N.D. Tex. July 22, 2025), Dkt. No. 128 at 1; *Armstrong v. Kimberly-Clark Corp*, No. 3:20-CV-3150-M, 2024 WL 1123034, at *7 (N.D. Tex. Mar. 14, 2024); *Slipchenko v. Brunel Energy, Inc.*, No. CIV.A. H-11-1465, 2015 WL 338358, at *13 (S.D. Tex. Jan. 23, 2015); *Rodriguez v. Stage 3 Separation, LLC*, No. 5:14–CV–00603–RP, 2015 WL 12866212, at *6 (W.D. Tex. Dec. 23, 2015); *Purdie v. Ace Cash Express, Inc.*, No. CIV.A. 301CV1754L, 2003 WL 22976611, at *7 (N.D. Tex. Dec. 11, 2003). The Class Representatives actively participated in the Action's litigation, including meeting with Class Counsel from time to time to assist in the investigation and prosecution of the Action and evaluating the Settlement over the course of negotiations, which led to the Settlement and the substantial benefit it provides to the Settlement Class. The Court therefore approves the Service Awards to the Class Representatives. The Service Awards shall be payable out of the Settlement Fund in accordance with the Agreement.

## III. Conclusion

For the reasons stated herein, Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement and Application for Attorneys' Fees, Costs, and Service Awards is **granted**. There being no just reason for delay, the Clerk of Court is hereby directed to enter final judgment forthwith pursuant to Federal Rule of Civil Procedure 58. The Court **retains** jurisdiction over this Consolidated Action to ensure that the Settlement is effectuated as herein provided; however, the

Court's jurisdiction **terminates** 18 months from the entry of this Final Order and Judgment, which is more than enough time to effectuate the Settlement herein approved.

**It is so ordered** this 9th day of February, 2026.

Sam A. Lindsay
United States District Judge

# EXHIBIT A

## Opt-Out List

1. HENRY RODRIGUEZ
2. MATTHEW ZEISET
3. TERESA LOCKHART
4. MEGAN FAULK
5. ELLEN DOUGLASS
6. REBECCA INGRAM
7. VICKIE JENKINS
8. MOUNYEA LUDWIG
9. TRINTY STELLA
10. DEBORAH TARIN
11. KEITH TOZIN